UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

DEJAN NIKOLIC,

        Petitioner,

  -v-                                                                    No. 19-CV-6047-LTS

THOMAS DECKER et al.,

        Respondents.

-------------------------------------------------------x

## ORDER

        The Court has received and reviewed Petitioner's letter request for immediate release in light of the COVID-19 health crisis (docket entry no. 25), Respondents' opposition thereto (docket entry no. 27), Petitioner's reply (docket entry no. 28), and Respondents' responsive letter (docket entry no. 29). The Court has considered these submissions and, for the following reasons, Petitioner's request is denied.

        Petitioner requests that the Court exercise its "inherent authority to release habeas corpus petitioners from detention during the pendency of the petition" pursuant to Mapp v. Reno, 241 F.3d 221 (2d Cir. 2001), and order Petitioner's release "while the Coronavirus ('COVID-19') public health crisis continues." (Docket Entry No. 25 at 1.) A federal court does have inherent authority to grant bail to a habeas petitioner who is properly before it contesting the legality of his custody. Mapp v. Reno, 241 F.3d 221 (2d Cir. 2001). However, a habeas petitioner should be granted bail only in "unusual cases" where he can demonstrate that (i) his habeas petition raises substantial claims, and (ii) extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective. Id. at 226. Petitioner has made neither showing.

Petitioner cannot demonstrate that his habeas petition raises substantial claims. The Court has denied Petitioner's habeas petition, and judgment has been entered in Respondent's favor.  (Docket Entry Nos. 17, 18.)  While Petitioner has filed a motion for reconsideration of the Court's Memorandum Order, the "standard for granting such a motion is strict," and "reconsideration will generally be denied" unless the moving party can make the required heightened showing.  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Petitioner does not explain how this standard has been met and, instead, simply recites the arguments raised in his motion.

Further, Petitioner's substantive motion only seeks reconsideration of the Court's decision denying him relief in respect of his due process challenge to his continued detention (docket entry no. 20 at 1 n.2), and he only challenges the application of some of the factors that were material to the Court's multi-factored analysis.  For example, Petitioner does not challenge the Court's finding that "while [Petitioner] has asserted defenses to removal, they were all rejected by the immigration judge."  (Docket Entry No. 17 at 10.)  The Court concluded that, as a result, "Petitioner will 'presumably be removed from the United States eventually' and, as a result, his detention 'at least marginally serve[s] 'the ultimate purpose behind the detention.'" (Id. (quoting Sajous v. Decker, No. 18-CV-2447 (AJN), 2018 WL 2357266, at *11 (S.D.N.Y. May 23, 2018)).  Petitioner also does not challenge the Court's conclusion that "Nikolic's civil immigration detention is consistent with the time he spent in prison for the crimes that render him removable."  (Id.)  These conclusions alone could serve as bases for the Court to find that Petitioner's detention without an individualized bond hearing does not violate the Due Process Clause.  Thus, Petitioner has not demonstrated that his habeas petition or his motion for reconsideration raise "substantial claims."

Petitioner also cannot demonstrate that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy he seeks effective.  While Petitioner asserts that complications associated with his medical condition present extraordinary circumstances[1] that warrant his release on bail, Petitioner has not demonstrated that the grant of bail is necessary to make the habeas remedy he seeks (an individualized bond hearing) effective.  The relief he seeks now and the relief he seeks in his habeas petition are one and the same.  Thus, the Court could deny Petitioner's letter request but still afford Petitioner all of the relief he seeks in his motion for reconsideration.  Petitioner cannot now bypass the procedural requirements of Rule 59 and 60 of the Federal Rules of Civil Procedure by making a letter request pursuant to Mapp v. Reno.  Petitioner has failed to demonstrate that granting him bail is necessary to make the habeas remedy he seeks effective and, thus, cannot satisfy the second element of the two-pronged test set forth in Mapp.

For these reasons, Petitioner's letter request is denied.  Docket entry no. 25 is resolved.

SO ORDERED.

Dated: New York, New York
March 19, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[1] In his reply, Petitioner raises for the first time a blanket assertion that "ICE's failure to release Mr. Nikolic, despite his almost certain development of severe illness or death if infected with COVID-19, is unconstitutional." (Docket Entry No. 28 at 5.)  However, a reply brief in support of a letter request for bail is not the appropriate avenue to raise such a claim.  If Petitioner wishes to challenge the constitutionality of ICE's failure to release him, he should file an appropriate separate petition.